IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENSCO INTERNATIONAL INCORPORATED, | § § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-1581-O |
| | § | |
| CERTAIN UNDERWRITERS AT | § | |
| LLOYD'S AND INSURANCE COMPANIES | § | |
| SUBSCRIBING TO POLICY NUMBERS | § | |
| and COVER NOTES PE0500247, | § | |
| B0621ELOEN0105, LCD070105(A), | § | |
| LCD070105(B); *et al.*, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Remand (Doc. # 18) filed November 15, 2007.

Defendants filed a response opposing Plaintiff's motion. Having reviewed, the motion, the response

and the applicable legal authorities, the Court finds the Plaintiff's motion to remand should be and

is hereby GRANTED.

I.      BACKGROUND

This action involves an insurance coverage dispute. Plaintiff initiated the suit in the 191st

District Court of Dallas County, Texas alleging that Defendants wrongfully denied coverage under

several applicable policies. Specifically, Plaintiff complains that it is an insured under policies that

include coverage for Removal of Wreck. Plaintiff owned a platform rig used in the exploration of

oil and gas that was located in Mississippi Canyon Block 21B on the Outer Continental Shelf

offshore Louisiana. When Hurricane Katrina hit the Gulf of Mexico in August 2005, Plaintiff's oil

and gas platforms, mobile drilling rigs and other equipment were severely damaged. Further, the

ENSCO 29 derrick broke off and fell to the bottom of the seabed. Plaintiff filed a claim under the insurance policies and was indemnified for its property damages, but Plaintiff alleges Defendants have refused coverage for the removal of the derrick and debris that fell to the seabed. Plaintiff brings claims for breach of contract, violations of the Texas Insurance Code, and a claim under the Declaratory Judgment Act.

After being served with citations and a copy of Plaintiff's original petition, Defendants removed the action to federal court on the grounds that this Court has original jurisdiction pursuant to Title 9 United States Code § 203, which establishes federal court jurisdiction for actions under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. *See* 9 U.S.C. §§ 201, 203. Plaintiff then filed this motion to remand arguing that removal was improper because the forum selection clause in the policies vests the "Courts of Dallas County, Texas" with exclusive jurisdiction over any disputes. *See* Plaintiff's Mot. at 2. Defendants respond that the forum selection clause does not contain an express waiver of its right to remove, and because the policies contain a mandatory arbitration clause, jurisdiction is proper in federal court under 9 U.S.C. § 205. *See* Defs. Resp. at 2. The issue is now ripe for determination.

II.     DISCUSSION

    A.     Legal Standard for Remand

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States," *i.e.*, those actions presenting a federal question. The Court strictly construes the removal statute because it "implicates important federalism concerns." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). There are two

principal bases upon which a district court may exercise removal jurisdiction: (1) the existence of a federal question and (2) complete diversity of citizenship among the parties. See 28 U.S.C. §§ 1331, 1332.  The defendant carries the burden of establishing that a federal question exists.  *Id.* Further, "any doubt as to the propriety of removal should be resolved in favor of remand." *Id.*

    B.    <u>Analysis</u>

Defendants removed this case on the grounds that several of the Certain Underwriters who issued the insurance policies are not citizens of the United States and because the policies contain an arbitration clause, which makes the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") applicable.  *See* Doc. No. 1, ¶9 (3:07-CV-01581) (N.D. Tex. Sept. 14, 2007).  Plaintiff does not dispute that federal courts have federal question jurisdiction over actions to which the Convention applies, but instead argues that Defendants expressly waived their right to remove any disputes arising out of the insurance policies.  Plaintiff's Mot. at 2.

Plaintiff bases its argument on a forum selection clause in each of the insurance policies, which states:

> **CHOICE OF LAW & JURISDICTION**:  The proper and exclusive law of this insurance shall be Texas Law.  Any disputes arising under or in connection with it shall be subject to the exclusive jurisdiction of the Courts of Dallas County, Texas.

*See* Joint Appx, Exhibits 1-6.  Defendants, in turn, argue that the disputes clause requires arbitration of claims arising out of the policies and the enforcement of this provision is subject to the jurisdiction of federal courts under the Convention.  Defs. Resp. at 2.  Defendants base their arguments on the following provision contained in each of the insurance policies:

> (b)    <u>Arbitration</u>
> (1) Any dispute concerning this Policy which has not been settled through any good faith efforts or mediation in accordance with the above Mediation Clause shall be referred to the arbitration of three arbitrators.

3

*See* Joint Appx., Exhibits 7-10.

Insurance policies are contracts and therefore subject to the same rules of construction applicable to all contracts. *Constitution State Ins. Co. v. Iso-Tex Inc.*, 61 F.3d 405, 407 (5th Cir. 1995) (citing *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994). "If an insurance policy is worded so that it can be given only one reasonable construction, it will be enforced as written." *Iso-Tex Inc.*, 61 F.3d at 407 (citing *State Farm Fire & Cas. Co. v. Reed*, 873 S.W.2d 698, 699 (Tex. 1993). When the insurance contract is susceptible to more than one reasonable interpretation, the Court will employ the rule requiring adoption of the interpretation most favorable to the insured. *Id.*

Here, Plaintiff argues that Fifth Circuit precedent firmly establishes that language such as that contained in the forum selection clause constitutes an express waiver of Defendants right to remove. Plaintiff's Mot. at 4-5. Defendants counter that the language in the forum selection clause is not a clear and unequivocal waiver of their right to remove as required by the Fifth Circuit's holding in *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1205 (5th Cir. 1991)). In order to meet the "clear and unequivocal" standard established in *McDermott*, Defendants propose that the policies would need to contain language stating: "Underwriters waive the right to remove to federal court." Defs. Resp. at 6. The Court disagrees.

It is well settled Fifth Circuit law that "[a] party to a contract may waive a right of removal provided the provision of the contract makes clear that the other party to the contract has the 'right to choose the forum' in which any dispute will be heard." *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001) (quoting *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 16 (5th Cir. 1991)). Further, "[a] party may waive its rights by explicitly stating that it is doing so, by

allowing the other party the right to choose venue, or by establishing exclusive venue within the contract." *Argyll Equities LLC v. Paolino*, 211 Fed. Appx. 317, 318 (5th Cir. 2006). In *Argyll*, the Fifth Circuit reviewed a forum selection clause, which stated, in pertinent part:

> Borrower hereby consents to the exclusive jurisdiction of the courts sitting in Kendall County, Texas, United States of America.

*Id.* Applying the "clear and unequivocal" test for determining whether defendant had waived its right to remove to federal court, the Fifth Circuit found waiver and held that the forum selection clause unambiguously established that suit was only proper in the state courts of Kendall County, Texas. *Id.* at 319. Similar to the forum selection clause in *Argyll*, the forum selection clause found in the policies at issue in this case contains express language unambiguously establishing "exclusive jurisdiction" in the Courts of Dallas County, Texas. *See* Joint Appx., Exhibits 1-6. This Court has previously held that the phrase "in and for the County of Dallas" specifically refers to state courts located in Dallas County. *Ondova Limited Co. v. Manila Indus., Inc.*, 513 F.Supp.2d 762, 773 (N.D. Tex. 2007) (J. Fitzwater). Further, when a forum selection clause refers to venue in a particular county, such language limits jurisdiction in the state courts of that county. *Ondova Limited Co.*, 513 F.Supp.2d at 773; *Argyll*, 211 Fed. Appx at 319 (holding that a clause that provides for exclusive jurisdiction necessarily dictates venue). Accordingly, based on the plain language of the forum selection clause, the Court holds that the state courts of Dallas County, Texas have exclusive jurisdiction over Plaintiff's claims against Defendants.[1] Thus, the Court grants Plaintiff's motion to remand this cause of action to the 191st District Court of Dallas County, Texas.

---

[1] The Court notes that Defendants' reliance on *McDermott* is misplaced because the service of suit clause in the insurance policy in that case did not contain express language which established *exclusive jurisdiction* in a specific court. *McDermott*, 944 F.2d at 1200. Consequently, *McDermott* is distinguishable on its facts.

III.     CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's Motion to Remand (Doc. # 18). The Court finds that Plaintiff's claims against Certain Underwriters at Lloyd's and Insurance Companies Subscribing to Policy Numbers and Cover Notes PE0500247, B0621ELOEN0105, LCD070105(A), LCD070105(B); BC Johnson Associates, LLC; and Bryan Johnson must be remanded to the 191st Judicial District Court of Dallas County, Texas. The Clerk of the Court shall effect the remand of the case according to the usual procedure.

**SO ORDERED** on this 8th day of April, 2008.

                                                                      _____
                                                                      **Reed O'Connor**
                                                                      **UNITED STATES DISTRICT JUDGE**